T.C. Memo. 1997-42

UNITED STATES TAX COURT

JANICE A. PLEKAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10706-95.                    Filed January 23, 1997.

<u>Douglas Gilmore Miller</u>, for petitioner.

<u>Shirley M. Francis</u>, for respondent.


MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction and petitioner's Cross Motion to

_____

[1]  All section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Dismiss for Lack of Jurisdiction. Respondent moved for dismissal on the grounds that the petition was not filed within the 90-day period prescribed in section 6213(a). Petitioner moved for dismissal on the grounds that the notices of deficiency are invalid because they were not mailed to her last known address as required under section 6212. Petitioner also filed a motion to have the burden of proof shifted to respondent. A hearing was held on these motions in Portland, Oregon. Petitioner's Motion to Shift the Burden of Proof was denied at the hearing.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by this reference. Petitioner resided in Portland, Oregon, at the time her petition was filed.

Petitioner filed a Federal income tax return for the taxable year 1979. Petitioner was residing at 1865 N.W. 106th, Portland, Oregon (her parents' address), at the time she filed her return for 1979. This is the address which was shown as petitioner's address on her 1979 return. Petitioner filed no return for 1980, but filed a Federal income tax return for 1981. Petitioner was issued a refund check for overpaid income taxes for taxable year 1981.

Petitioner did not file returns for any of the taxable years 1982 through 1988. Respondent prepared substitute-for-returns for petitioner's taxable years 1983 and 1984, pursuant to section

6020(b). Based upon information provided by third parties, respondent determined that petitioner had taxable income in both years. Accordingly, respondent determined deficiencies in petitioner's 1983 and 1984 Federal income taxes in the respective amounts of $1,777 and $1,442, and additions to tax for such years. The notices of deficiency were computer generated at respondent's service center in Ogden, Utah. Respondent mailed notices of deficiency for taxable years 1983 and 1984 by certified mail addressed to petitioner at 1865 N.W. 106th, Portland, Oregon, on June 12, 1989. The notices of deficiency were returned to respondent's Ogden Service Center with the envelopes marked "Unclaimed".

It is not clear from the record when petitioner learned of the asserted deficiencies. The envelope in which the petition for redetermination was received by the Court was postmarked June 14, 1995, and the petition was filed with the Court on June 19, 1995.

Section 6212(a) authorizes the Secretary or his delegate, upon determining that there is a deficiency in income tax, to send a notice of deficiency "to the taxpayer by certified mail or registered mail." A notice of deficiency is valid, regardless of actual receipt by the taxpayer, if it is mailed to the taxpayer's "last known address." King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987). Neither section 6212

nor the regulation promulgated thereunder defines what constitutes a taxpayer's "last known address". Generally, a taxpayer's last known address is the address shown on her most recently filed and properly processed return, absent clear and concise notice of a different address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). The focus is on what the Commissioner knew or should have known at the time the notice of deficiency was mailed.

Petitioner has the burden of proving that the notices of deficiency were not sent to her last known address. Yusko v. Commissioner, 89 T.C. 806, 808 (1987). Petitioner's most recently filed Federal income tax return prior to the mailing of the notices of deficiency was for taxable year 1981. Petitioner asserts that the address shown on that return was 9335 S.W. Downing, Portland, Oregon, and she contends that this was her last known address at the time the notices of deficiency were mailed. Petitioner has failed to convince us of this fact through her testimony or otherwise.

Petitioner did not produce a copy of her Federal income tax return for the taxable year 1981. Respondent destroyed petitioner's original returns filed for 1979 and 1981 in accordance with respondent's procedures. Petitioner does not

remember what address was shown on her 1981 return. Petitioner, therefore, tried to establish that she moved from 1865 N.W. 106th, Portland, Oregon, prior to filing her return for 1981, and she contends that we should conclude that a new address was shown on that return.

Petitioner's only evidence that the address shown on her 1981 income tax return was not her parents' address is her own testimony. It is well established that we are not required to accept self-serving testimony in the absence of corroborating evidence. Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Niedringhaus v. Commissioner, 99 T.C. 202, 219 (1992). Further, we find that petitioner's credibility is undermined by numerous inconsistencies in her testimony and by evidence submitted by respondent.

Petitioner testified that she graduated from high school on June 10, 1979, and that she moved out of her parents' house less than 2 days later. Petitioner testified that her move was motivated by extreme discord with her parents, that she had no contact with them until sometime in 1986, and that she would not have used their address as her own. However, petitioner stipulated that she resided at her parents' address at the time she filed her 1979 Federal income tax return which the record

indicates was filed in 1980, after the time she claims she was estranged from her parents.

Petitioner testified that she had a friend prepare her 1981 Federal income tax return for her. She testified that she was certain that whoever filled out her return knew her address had changed since 1979, although she was not certain who, in fact, prepared her return.

Petitioner further testified that she was a full-time student at Portland State University (Portland State) from 1982 through 1985, or, alternately, 1987, graduating with a degree in marketing. Petitioner testified that she was living throughout this period at 9335 S.W. Downing. Respondent introduced an official copy of petitioner's transcript from Portland State as impeachment evidence. Aside from disclosing that petitioner only attended Portland State part-time for two quarters during 1984 and 1985, the transcript indicates that her address was 1865 N.W. 106th, although the reported dates of her attendance were some 5 years after she claims to have moved from that address. Petitioner could not provide a plausible explanation for these discrepancies.

Petitioner has not submitted any credible evidence to support her assertion that the address shown on her 1981 Federal income tax return was not the same as that shown on her return for 1979. In addition, the testimony of respondent's agent,

Susan Hair (Ms. Hair), conflicts with petitioner's contention, and we find Ms. Hair's testimony credible. Petitioner's address was recorded in respondent's computer system based on the information shown on petitioner's return for 1979. Respondent's administrative file on petitioner indicates that an address change for petitioner was received by respondent in 1991, but that none was received prior to that time.

On this record, we find that respondent did not know nor should she have known that petitioner's address had changed prior to mailing the notices of deficiency.

Respondent mailed the notices of deficiency to petitioner's last known address on June 12, 1989. The period of limitations for 1983 and 1984 had not expired at the time of the mailing of the notices of deficiency. Sec. 6501(b)(3). The petition herein was mailed and filed over 6 years after the mailing of the notices of deficiency. Thus, the petition was not filed timely. Sec. 6213(a).

To reflect the foregoing,

An order will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction and denying petitioner's Cross Motion to Dismiss for Lack of Jurisdiction.